

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# USA v. Charles McCormick

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4776

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Charles McCormick" (2008). *2008 Decisions.* Paper 84.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/84

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4776
_____

UNITED STATES OF AMERICA

v.

CHARLES MCCORMICK,
Appellant

_____

Appeal from the
United States District Court for the
District of New Jersey
(D.C. Criminal No. 07-cr-00075)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2008

_____

Before: BARRY and CHAGARES, <u>Circuit Judges</u>, and RESTANI[*], <u>Judge</u>

Opinion Filed: December 17, 2008

_____

OPINION

_____

RESTANI, <u>Judge</u>.

_____

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

In this appeal, Charles McCormick challenges his sentence of 33 months for a three-count wire fraud conviction as unreasonable. We will affirm the sentence.

The facts of the underlying crime are well-known to the parties and we will not repeat them here. The sentence is within the range calculated under the U.S. Sentencing Guidelines and that calculation is not challenged. McCormick also concedes that the court identified mitigating facts as it recounted the factors it was required to consider under 18 U.S.C. § 3553(a). McCormick's argument, rather, is that that consideration was formulaic and that the court placed undo emphasis on his criminal history and the seriousness of the offense.

Where the court has so clearly considered the statutory factors and cited to the specific evidence of record for potential mitigation, it is difficult to conclude the court did not follow proper procedure. That the court was moved by prior criminal history and the seriousness of the offense, nonetheless, to select a sentence at the high end of the guideline range does not establish an abuse of discretion. We conclude that the sentence was a reasonable one and will affirm the District Court's Judgment and Conviction Order.